IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-544-CR




ALBERT H. SAN MIGUEL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 17,906, HONORABLE CHARLES E. LANCE, JUDGE


 




PER CURIAM

 A jury found appellant guilty of involuntary manslaughter and assessed punishment
at imprisonment for seven years and a $10,000 fine. Tex. Penal Code Ann. § 19.05(a)(1) (1989). 
Appellant does not contest the sufficiency of the evidence, which shows that he recklessly struck
and killed his brother, John San Miguel, with a pickup truck.

 In his only point of error, appellant contends that during jury argument the
prosecutor improperly commented on his failure to testify. At the time the alleged comment was
made, the prosecutor was discussing the contents of appellant's written statement to the police,
which was in evidence. In the statement, appellant described spending the afternoon and evening
of the incident drinking with family and friends. After summarizing that portion of the statement,
the prosecutor continued:



[B]ut you know what, he says after we left Gifford's Place [a bar], I don't
remember anything but here's what's important -- until I woke up in the morning
in my pick-up. We have testimony that he left in that pick-up and he himself says
the next morning I woke up in the same pick-up and when the Sheriff asked him
about the damage to the front of his pick-up he said, I think I hit a post. So, he
remembers he hit something. You know, he just won't admit what he did.

Appellant objected that this was a comment on his failure to testify and moved for a mistrial. The
prosecutor stated that he was referring to the contents of appellant's statement. The court agreed
and overruled the motion for mistrial. Although appellant did not ask for an instruction to
disregard, the court stated that the "Motion to Strike is denied." 

 For there to be reversible error because of an allusion to or comment on the failure
of the defendant to testify, the implication that the challenged language referred to the failure to
testify must be a necessary one when viewed from the standpoint of the jury. Koller v. State, 518
S.W.2d 373, 375 (Tex. Crim. App. 1975). In this cause, the prosecutor's argument was clearly
directed to the contents of appellant's statement, particularly that portion of the statement in which
appellant asserted a lack of memory. We do not believe that the jury would necessarily
understand this argument to be a reference to appellant's failure to testify at trial.

 Appellant also calls our attention to one other remark by the prosecutor later in his
argument. Appellant voiced no objection to this remark, which does not appear to be a reference
to appellant's failure to testify in any event. The remark was certainly not of the sort that cannot
be cured by an instruction, and any error was waived by the failure to object. 

 The point of error is overruled and the judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: June 10, 1992

[Do Not Publish]